IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01914-MSK-MJW

EDWARD MUNIZ,

Plaintiff,

v.

NURSE KASPAR, et al.,

Defendants.

**RECOMMENDATION ON
PLAINTIFF'S MOTION TO AMEND (Docket No. 60)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to Magistrate Judge issued by District Judge Marcia S. Krieger on January 3, 2008. (Docket No. 20).

In the Amended Complaint (Docket No. 8), brought pursuant to 42 U.S.C. § 1983, the pro se incarcerated plaintiff alleges he was denied proper and adequate medical care causing him to suffer a ruptured appendix. He seeks declaratory and injunctive relief and compensatory and punitive damages. (Docket No. 8 at 13).

Now before the court is the plaintiff's Motion to Amend (Docket No. 60) in which he seeks to amend his Amended Complaint pursuant to Fed. R. Civ. P. 15(a):

to add Senate Bill 164,[1] People disfigured or impaired. Post Surgical

---

[1] This Bill is "Concerning the alignment of the limitation on damages for noneconomic loss or injury in actions brought pursuant to the "Health Care Availability Act" with the limitation on damages for noneconomic loss or injury in general civil

> Scars constitute disfigurement. In the amount of $500,000 against each Defendant.
>
> Also would like to include Non-Economic Intangibles in the amount of $150,000 against each Defendant. For pain and suffering, inconvenience, and emotional stress because I may never be restored to full health.

(Docket No. 60 at 1). Defendants filed a response to the motion. (Docket No. 64). The court has considered these motions papers as well as the court's file and applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings, conclusions, and recommendation.

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

Here, defendants correctly assert that it would be futile to permit the plaintiff to amend his complaint to include his request for damages pursuant to Colorado Senate Bill 164 because Senate Bill 164 is not yet law. While the State Senate approved the Bill, the Bill was heard earlier this year in the Colorado House of Representative's House Judiciary Committee and a vote was not taken. Furthermore, there is no indication that the law, which has an effective date of February 1, 2009, is retroactive. Moreover, even if the Bill were law, defendants correctly assert that the provisions

---

actions."

would not be applicable to the plaintiff's claims which are based on alleged violations of his Eighth Amendment rights. His damages would not be calculated based upon state law limits in state medical malpractice claims.

Defendants have not specifically addressed plaintiff's request to add a request for non-economic damages. Plaintiff requested compensatory damages in his Amended Complaint (Docket No. 8 at 13), but he did not specifically request non-economic damages. The court finds no basis for refusing to permit this amendment.

**WHEREFORE,** for the foregoing reasons it is hereby

**RECOMMENDED** that plaintiff' Motion to Amend (Docket No. 60) be granted in part and denied in part. More specifically, it is recommended that plaintiff be permitted to amend his Amended Complaint to include a request for non-economic damages but that the plaintiff not be permitted to amend his Amended Complaint to include a request for damages pursuant to Colorado Senate Bill 164.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir.**

**1996).**

Date: December 12, 2008                          s/ Michael J. Watanabe
      Denver, Colorado                              Michael J. Watanabe
                                                                 United States Magistrate Judge