IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-01914-MSK-MJW

EDWARD MUNIZ,

    Plaintiff,

v.

NURSE KASPAR, and
DOUG ROBERTS,

    Defendants.

___

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**
___

**THIS MATTER** comes before the Court pursuant to the Plaintiff's *pro se*[1] Motion for Reconsideration **(# 123)** of the Court's August 14, 2009 Opinion and Order Granting Defendants' Motion for Summary Judgment **(# 119)**. The Court will not reprise the background of this case; the reader's familiarity with the August 14, 2009 Order is assumed.

Filed more than 10 days after the Order in question, the Court construes the Plaintiff's motion as one pursuant to Fed. R. Civ. P. 60(b)(1) and (6), calling the Court's attention to facts and law that the Plaintiff believes the Court overlooked. Having reviewed the Plaintiff's various arguments, the Court finds that it did not overlook any of the matters raised by the Plaintiff, and thus, the request for reconsideration is denied.

The Plaintiff contends that Defendant Kaspar was deliberately indifferent to his medical

---

[1] As always, the Court construes the Plaintiff's *pro se* filings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972).

1

needs by failing to notify Nurse Wrigley about the Plaintiff's symptoms. The Court addressed this argument on page 10 of its Order.

The Plaintiff also argues that Defendant Kaspar violated his 8th Amendment rights by denying hin access to other medical personnel who could have provided additional needed medical treatment, *citing Ramos v. Lamm*, 639 F.2d 559 (10th Cir. 1980). *Ramos* involved a comprehensive class-action challenge to, among other things, "grossly inadequate" staffing of medical units for an entire prison, and entailed extensive discussion of expert testimony regarding the degree of care prisoners require on a systemic basis. 639 F.2d at 575-76. To the extent the Plaintiff appears to be invoking the same arguments raised in *Ramos*, the Court finds that his summary judgment briefing failed to point to the same type or quantity of evidence as was assessed in *Ramos*. Rather, the Plaintiff came forward only with anecdotal evidence of his own situation, and conclusory assertions about the systemic medical care overseen by Defendant Roberts. The Court addressed deficiencies in the Plaintiff's showings concerning Defendant Roberts at page 13-15 of the Order.

The Plaintiff argues that, under *Sealock v. Colorado,* 218 F.3d 1205, 1209 (10th Cir. 2000), the Court erred in not finding that Defendant Kaspar violated his 8th Amendment rights by deliberate failing to act as a "gatekeeper," passing along his need for medical treatment to another person capable of providing the required treatment. The Court extensively analyzed the differences between *Sealock* and the instant case, concluding that *Sealock* was distinguishable because, there, there was no dispute that, had the plaintiff's symptoms been properly reported by a defendant to other medical providers, only one diagnosis could have resulted. *See* Docket # 119 at 11-13. The Plaintiff now argues that, as in *Sealock*, there is only one possible diagnosis

2

that could have been made in light of his symptoms, but he offers no actual evidence to support this contention. Instead, he offers only the speculation that "If allowed to as numerous medical nurses and students to make a diagnoses of the symptoms provided to Defendant Kaspar it would be interesting to see if the diagnosis would be appendicitis." This is insufficient to carry his burden of coming forward with competent evidence supporting his contention that only one possible diagnosis could have been made on the symptoms he presented.

Finally, the Plaintiff raises several arguments in which he contends that the Court's recitation of the facts was incorrect and unfavorable to him. The Court has reviewed these contentions and finds that the Plaintiff's confusion springs from the manner in which the Court independently analyzed each party's own motion for summary judgment. When assessing the Plaintiff's motion, the Court construed the disputed facts regarding the symptoms the Plaintiff described to Defendant Kaspar in the light most favorable to Defendant Kaspar. *Docket* # 119 at 10-11. When the Court assessed Defendant Kaspar's summary judgment motion, it construed the facts in the light most favorable to the Plaintiff, accepting "the Plaintiff's contention that he described a litany of symptoms to Defendant Kaspar, including sharp lower abdominal pain, vomiting, loss of appetite, abdominal distention, etc." *Docket* # 119 at 11.

Having considered all of the arguments raised in the Plaintiff's motion, the Court finds them to be without merit. Accordingly, the Motion for Reconsideration **(# 123)** is **DENIED**.

Dated this 12th day of July, 2010

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge